# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Terrel Durr,

    Petitioner

v.

Warden High Desert State Prison, *et al.*,

    Respondents

Case No.: 2:22-cv-00732-JAD-NJK

**Order Granting Motion to Seal and Granting Extension of Time to Respond to Amended Petition to January 29, 2024**

[ECF Nos. 29, 31]

    Respondents have two motions pending in Terrel Durr's 28 U.S.C. § 2254 habeas corpus matter, in which he challenges his conviction of robbery in the Eighth Judicial District Court (Clark County, Nevada) and adjudication as a habitual criminal.[1]  First, for good cause appearing, I grant respondents' motion for a brief extension of time to file a response to the amended petition.[2]

    Second, respondents have filed a motion for leave to file an exhibit *in camera* and under seal.[3]  While there is a presumption favoring public access to judicial filings and documents,[4] a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure.[5]  In general, "compelling reasons" exist where the records may be used for improper purposes.[6]  Here,

---

[1] ECF No. 20.

[2] ECF No. 30.

[3] ECF No. 29.

[4] *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978).

[5] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).

[6] *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).

respondents ask to file Durr's presentence investigation report ("PSI") *in camera* and under seal because it is confidential under state law.[7]  They also state, without elaboration, that concerns about the safety of Durr and the victim warrant the filing of the PSI *in camera* and under seal.  I have reviewed the PSI and conclude that respondents have demonstrated compelling reasons to file the PSI under seal.  But the PSI does not appear to include information that is so sensitive that it would pose a security threat to Durr if he had a copy of the PSI in his cell, and it does not identify the victim.  Respondents note that the PSI may be necessary to address some grounds in the petition.  In that event, Durr may need access to the PSI.  So the motion is granted in part, and the PSI will remain under seal.

IT IS THEREFORE ORDERED that respondents' third unopposed motion for extension of time to file a response to the amended petition **[ECF No. 31] is GRANTED** *nunc pro tunc*.  **The deadline to file the response is extended to January 29, 2024**.

IT IS FURTHER ORDERED that respondents' motion for leave to file exhibit *in camera* and under seal **[ECF No. 29] is GRANTED in part and DENIED in part**.  The exhibit will remain under seal.

_____
U.S. District Judge Jennifer A. Dorsey
January 23, 2024

---

[7] ECF No. 29.